USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/1/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ANTHRACITE FUNDING, LLC,

        Plaintiff,

   -against-

BETHANY HOLDINGS GROUP, LLC,
CHI CHEN WANG & JONG YONG LEE,

        Defendants.

------------------------------------- x

09 Civ. 1604 (PGG) (AJP)

**OPINION & ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

By Order dated May 12, 2009 (Dkt. No. 28), Judge Gardephe granted plaintiff a default judgment as to liability against defendant Bethany Holdings and referred the case to me to consider, inter alia, "whether it is appropriate at this time to conduct an inquest into the damages to be awarded against the Defaulting Defendant." (May 12, 2009 Order at 2.)

The Guarantee Agreements at issue provide that Bethany and non-defaulting defendants Chi Chen Wang and Jong Yong Lee are jointly and severally liable. (Dkt. No. 22: Crowell Aff. Ex. A: Guarantee of Interest & Ltd. Guarantee of Payment ¶ 18 ("If Guarantor consists of more than one Person, the obligations of each such Person under this Guaranty are joint and several."); accord Ex. B ¶ 18; Ex. C at p. 4.)

C:\OPIN\

2

In Miele v. Greyling, I reviewed the Supreme Court's decision in Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872), and the cases and commentaries applying Frow, and concluded that:

> "[E]ven if the liability is joint and several and thus a default judgment may be entered, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgment."

Miele v. Greyling, 94 Civ. 3674, 1995 WL 217554 at *3 (S.D.N.Y. Apr. 13, 1995) (Peck, M.J.).

Nothing has changed since my Opinion in Miele v. Greyling; indeed, the subsequent decisions in this Circuit are consistent with Miele. See, e.g., Viznai v. United Homes of N.Y., Inc., No. 06-CV-4173, 2009 WL 931178 at *1 (E.D.N.Y. Apr. 3, 2009) (citing cases); Harvey v. Home Savers Consulting Corp., No. 07-CV-2645, 2008 WL 724152 at *1 (E.D.N.Y. Mar. 17, 2008); Long Island Housing Servs. v. Greenview Prop., Inc., No. 07-CV-0352, 2008 WL 150222 at *1-2 (E.D.N.Y. Jan. 11, 2008), report & rec. adopted, 2009 WL 960200 (E.D.N.Y. Apr. 4, 2009); 3947 Austin Blvd. Assoc., LLC v. M.K.D. Capital Corp., 04 Civ. 8596, 2006 WL 785272 at *2 (S.D.N.Y. Mar. 24, 2006); Kidd v. Andrews, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004); Lite-Up Corp. v. Sony Music Entm't, Inc., 97 Civ. 1546, 1999 436563 at *2-3 (S.D.N.Y. June 24, 1999); see also, e.g., 10 Moore's Federal Practice §§ 55.36[2], 55.36[4] (3d ed. 2009); 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2690.

Accordingly, the Court will not hold an inquest at this time, but will defer the issue of damages (and attorneys' fees) as against Bethany until determination as to liability (and damages) as to the two non-defaulting defendants.

Plaintiff's counsel is to serve this Opinion & Order on Bethany.

SO ORDERED.

Dated:   New York, New York
         June 1, 2009

Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   Nicholas P. Crowell, Esq.
                              Liza A. Chafiian, Esq.
                              Judge Paul G. Gardephe

C:\OPIN\