UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANTHRACITE FUNDING, LLC, a Delaware
limited liability company,

                                 Plaintiff,

    - against -

BETHANY HOLDINGS GROUP, LLC, a Nevada
limited liability company, CHI CHEN WANG, an
individual, and JONG YONG LEE, an individual,
                                Defendants.
-------------------------------------------------------------------X

:  09 Civ. 1604 (PGG)
:
:
:  **AMENDED ANSWER**
:  **OF DEFENDANTS**
:  **CHI CHEN WANG AND**
:  **JONG YONG LEE TO**
:  **AMENDED COMPLAINT**
:
:
:
:


D'AMATO & LYNCH, LLP
Attorneys for Defendants
  Chi Chen Wang and Jong Yong Lee
70 Pine Street
New York, New York 10270
(212) 269-0927



UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTHRACITE FUNDING, LLC, a Delaware
limited liability company,

                     Plaintiff,

    - against -

BETHANY HOLDINGS GROUP, LLC, a Nevada
limited liability company, CHI CHEN WANG, an
individual, and JONG YONG LEE, an individual,
                     Defendants.
-----------------------------------------------------------------X

: 09 Civ. 1604 (PGG)
:
: **AMENDED ANSWER**
: **OF DEFENDANTS**
: **CHI CHEN WANG AND**
: **JONG YONG LEE TO**
: **AMENDED COMPLAINT**
:
:
:
:

Defendants Chi Chen Wang ("Wang") and Jong Yong Lee ("Lee"), by and

through their attorneys, D'Amato & Lynch, LLP, as and for their Amended Answer to the

Amended Complaint herein, allege as follows:

    1.    Paragraph 1 of the Amended Complaint sets forth a statement of plaintiff's

reasons for bringing this lawsuit, to which no response is required; to the extent that a

response is required, Wang and Lee admit that they executed the documents described in

paragraph 1 of the Amended Complaint, and otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in that paragraph.

    2.    Denies the allegations contained in paragraph 2 of the Amended Complaint.

    3.    Deny the allegations contained in paragraph 3 of the Amended Complaint.

    4.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 of the Amended Complaint.

    5.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 5 of the Amended Complaint.

    6.    Admit the allegations contained in paragraph 6 of the Amended Complaint.

7.    Admit the allegations contained in paragraph 7 of the Amended Complaint.

8.    Admit that plaintiff purports to be suing for an amount greater than $75,000, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.    Deny the allegations contained in paragraph 9 of the Amended Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.    Admit, upon information and belief, the allegations contained in paragraph 11 of the Amended Complaint.

12.    State that Note B speaks for itself and refer to such document for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13.    State that the Deed of Trust, Fixture Filing and Security Agreement speaks for itself and refer to such document for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14.    Admit that they executed the documents described in paragraph 1 of the Amended Complaint in respect of Note B in connection with the Loan Agreement, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.    Admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof, and otherwise deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     In response to paragraph 16 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

17.     In response to paragraph 17 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

18.     In response to paragraph 18 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

19.     In response to paragraph 19 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

20.     In response to paragraph 20 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

21.     In response to paragraph 21 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

22.     In response to paragraph 22 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

23. In response to paragraph 23 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

24. In response to paragraph 24 of the Amended Complaint, admit that they executed the Guaranty of Interest, state that such document speaks for itself and refer to such document for the contents thereof.

25. Admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26. In response to paragraph 26 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

27. In response to paragraph 27 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

28. In response to paragraph 28 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

29. In response to paragraph 29 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

30.    In response to paragraph 30 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

31.    In response to paragraph 31 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

32.    In response to paragraph 32 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

33.    In response to paragraph 33 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

34.    In response to paragraph 34 of the Amended Complaint, admit that they executed the $1.35 Million Guaranty, state that such document speaks for itself and refer to such document for the contents thereof.

35.    Admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.    In response to paragraph 36 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

37.    In response to paragraph 37 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

38.    In response to paragraph 38 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

39.    In response to paragraph 39 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

40.    In response to paragraph 40 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

41.    In response to paragraph 41 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

42.    In response to paragraph 42 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

43.    In response to paragraph 43 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

44.    In response to paragraph 44 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

45.    In response to paragraph 45 of the Amended Complaint, admit that they executed the Guaranty of Recourse Obligations, state that such document speaks for itself and refer to such document for the contents thereof.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49.     In response to paragraph 49 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

50.     In response to paragraph 50 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

51.     State that the Loan Agreement speaks for itself and refer to such document for the contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     In response to paragraph 54 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     Deny the allegations contained in paragraph 56 of the Amended Complaint.

57.    Admit that in or about March 2009 KT Terraza-TX1, LLC and FJLC-TX1, LLC filed petitions under the United State Bankruptcy Code in the United State Bankruptcy Court, Central District of California, Santa Ana Division, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58.    In response to paragraph 58 of the Amended Complaint, state that the Loan Agreement speaks for itself and refer to such document for the contents thereof.

59.    Deny the allegations contained in paragraph 59 of the Amended Complaint to the extent such allegations pertain to them, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint to the extent such allegations pertain to another party.

60.    State that the documents described in paragraph 1 of the Amended Complaint speak for themselves and refer to such documents for the contents thereof, admit that they each received a letter dated January 28, 2009 with letterhead indicating the sender was "Anthracite" and refer to such letter for the contents thereof, and otherwise deny the allegations contained in paragraph 60 of the Amended Complaint.

61.    Deny the allegations contained in paragraph 61 of the Amended Complaint.

62.    Repeat and reallege their responses to paragraphs 1 through 61 of the Amended Complaint.

63.    Deny the allegations contained in paragraph 63 of the Amended Complaint.

64.    Deny the allegations contained in paragraph 64 of the Amended Complaint.

65.    Deny the allegations contained in paragraph 65 of the Amended Complaint.

66.    Deny the allegations contained in paragraph 66 of the Amended Complaint.

67.    Deny the allegations contained in paragraph 67 of the Amended Complaint.

68.    Deny the allegations contained in paragraph 68 of the Amended Complaint.

69.    Repeat and reallege their responses to paragraphs 1 through 68 of the Amended Complaint.

70.    Deny the allegations contained in paragraph 70 of the Amended Complaint.

71.    Deny the allegations contained in paragraph 71 of the Amended Complaint.

72.    Deny the allegations contained in paragraph 72 of the Amended Complaint.

73.    Deny the allegations contained in paragraph 73 of the Amended Complaint.

74.    Deny the allegations contained in paragraph 74 of the Amended Complaint.

75.    Deny the allegations contained in paragraph 75 of the Amended Complaint.

76.    Repeat and reallege their responses to paragraphs 1 through 75 of the Amended Complaint.

77.    Deny the allegations contained in paragraph 77 of the Amended Complaint.

78.    Deny the allegations contained in paragraph 78 of the Amended Complaint.

79.    Deny the allegations contained in paragraph 79 of the Amended Complaint.

80.    Deny the allegations contained in paragraph 80 of the Amended Complaint.

81.    Deny the allegations contained in paragraph 81 of the Amended Complaint to the extent such allegations pertain to them, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint to the extent such allegations pertain to other persons.

82.    Deny the allegations contained in paragraph 82 of the Amended Complaint.

83.    Deny the allegations contained in paragraph 83 of the Amended Complaint.

84.    Deny the allegations contained in paragraph 84 of the Amended Complaint.

85.    Deny the allegations contained in paragraph 85 of the Amended Complaint.

86.    Repeat and reallege their responses to paragraphs 1 through 85 of the Amended Complaint.

87.    Deny the allegations contained in paragraph 87 of the Amended Complaint.

88.    Deny the allegations contained in paragraph 88 of the Amended Complaint.

89.    Deny the allegations contained in paragraph 89 of the Amended Complaint.

90.    Deny the allegations contained in paragraph 90 of the Amended Complaint.

91.    Deny the allegations contained in paragraph 91 of the Amended Complaint.

92.    Repeat and reallege their responses to paragraphs 1 through 91 of the Amended Complaint.

93.    In response to paragraph 93 of the Amended Complaint, state that the documents described in paragraph 1 of the Amended Complaint speak for themselves and refer to such documents for the contents thereof.

94.    Deny the allegations contained in paragraph 94 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE ALLEGE:

95.    Upon information and belief, plaintiff sold, assigned, transferred or otherwise disposed of any rights, title or interests it acquired in, to, or under the Loan Agreement between the Borrowers and Lehman Brothers Bank, FSB (the "Loan Agreement") and/or Promissory Note B issued in connection with such loan agreement ("Note B"), and is no longer the "Lender" in respect of Note B, as that term is used in the Loan Agreement. By reason of such sale, assignment, transfer or other disposition, plaintiff relinquished any rights

10

it may have had in, to, under or in respect of the documents described in paragraph 1 of the Amended Complaint.

96.     Plaintiff has therefore failed to state a cause of action upon which relief can be granted against Wang or Lee.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE ALLEGE:

97.     Upon information and belief, plaintiff sold, assigned, transferred or otherwise disposed of any rights, title or interests it acquired in, to, or under the Loan Agreement and/or Note B, and is no longer the "Lender" in respect of Note B, as that term is used in the Loan Agreement.  By reason of such sale, assignment, transfer or other disposition, plaintiff relinquished any rights it may have had in, to, under or in respect of on the documents described in paragraph 1 of the Amended Complaint.

98.     Plaintiff is therefore not the real party in interest with respect to the documents described in paragraph 1 of the Amended Complaint and has no standing to bring the within action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE ALLEGE:

99.     The Amended Complaint does not disclose the extent or amount of any payments made by or on behalf of, or any recovery from, the Borrowers in respect of Note B or pursuant to the Loan Agreement.

100.     Wang and Lee may have a defense to any obligations they may have under the documents described in paragraph 1 of the Amended Complaint to the extent that any payments have been or may be made by or on behalf of, or any monies recovered from, any of the Borrowers in respect of Note B or pursuant to the Loan Agreement.

11

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE ALLEGE:

101.   The Amended Complaint does not disclose the extent or amount of any payments made by, or any recovery from, the other signatory to the documents described in paragraph 1 of the Amended Complaint in respect of any obligations thereunder.

102.   Wang and Lee may have a defense to any obligations they may have under the documents described in paragraph 1 of the Amended Complaint to the extent that any payments have been or may be made by or on behalf of, or any monies recovered from, the other signatory to those documents in respect of any obligations thereunder.

WHEREFORE, Defendants Chi Chen Wang and Jong Yong Lee respectfully request that the Court enter judgment in their favor and against plaintiff:

a.     dismissing the Amended Complaint in its entirety as against them; and

b.     granting them such other and further relief at law or in equity as the Court deems just and proper.

Dated:  New York, New York
        July 8, 2009

                          D'AMATO & LYNCH, LLP

                          By: _Liza Chafiian_
                              Richard F. Russell
                              Liza A. Chafiian
                          Attorneys for Defendants
                              Chi Chen Wang and Jong Yong Lee
                          70 Pine Street
                          New York, New York 10270
                          (212) 269-0927
                          rrussell@damato-lynch.com
                          lchafiian@damato-lynch.com